IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

The City of Prichard, Alabama,
A municipal corporation,

                    Plaintiff,

v.

Level 3 Communications, LLC,            CASE NO. 03-248-P-C
A Delaware limited liability
company,

                    Defendant,

FILED DEC 10 '03 PM 12:46 USDCALS

## MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II AND V OF DEFENDANT'S COUNTERCLAIMS

NOW COMES the plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure and moves the Court for judgment for the plaintiff and against the defendant with respect to Counts II (Violation of Alabama Code §11-51-128-Unlawful Tax Under Alabama law) and V (Violation of 42 U.S.C. §1983-Deprivation of Rights, as Protected by the Constitution and Laws of the United States) of defendant's counterclaims. Pursuant to Local Rule 7.2, plaintiff's brief in support of this motion follows and suggested Determinations of Undisputed Fact and Conclusions of Law are being submitted separately on the same date as the filing of this motion for summary judgment.

1

## UNDISPUTED FACTS

1. On November 30, 1999, plaintiff and defendant entered into a Interim Rights-Of-Way Use Agreement ("Interim Agreement"). A copy of this Interim Agreement is appended as Exhibit A to defendant's counterclaims.

2. Count II of Counterclaims-Unlawful Tax. Pursuant to paragraphs 56-67 of, and paragraphs 2-3 and 8-9 of defendant's prayer for relief in, defendant's Answer, Affirmative Defenses, and Counterclaims ("counterclaims"), defendant alleges (a) that the obligations and requirements imposed in the Interim Agreement exceed the City's taxing authority and violate Alabama Code §11-51-128, and (b) that the linear foot fee obligations and the in-kind requirements imposed in the Interim Agreement violate Alabama Code §11-51-128, and asks for this Court (i) to enjoin plaintiff from imposing on or enforcing against defendant the obligations and requirements of the Interim Agreement to the extent that such obligations and requirements violate Alabama Code §11-51-128, and (ii) to award defendant restitution equal to the amount of taxes paid by defendant to plaintiff in excess of the lawful amount under Alabama Code §11-51-128.

3. Alabama Code §11-51-128 provides for the maximum amount of privilege or license tax which the municipalities within Alabama may annually assess and collect of persons operating telephone exchanges and long distance telephone lines for the

privilege of doing intrastate business within the limits of such municipalities. A copy of §11-51-128 is attached as hereto as "Exhibit A."

4.  With respect to its claims pertaining to §11-51-128, defendant has a plain, speedy, and efficient state court remedy as it may re-file its claims pertaining to §11-51-128 in any of the Alabama State courts where jurisdiction and venue would be proper under Alabama procedural rules, and could have asserted such claim in the instant action had defendant not removed it to federal court.

5.  <u>Count V of Counterclaims-§1983 Claim</u>. Pursuant to paragraphs 87-90 of defendant's counterclaims, defendant alleges that the Interim Agreement and the plaintiff's actions, individually or collectively, violated  42 U.S.C. §1983.

6.  Request 16 of Plaintiff's First Discovery Request to Defendant asked defendant to "State whether it is the position of Level 3 that, prior to signing the interim right of way agreement with the City of Prichard (that is, from the time Level 3 first contacted the City until the agreement was signed on December 30, 1999), Level 3 was of the opinion 'that the terms of the Interim Agreement were inconsistent with state and federal laws...(complaint paragraph 27).' "

In responding to Discovery Request 16, the defendant stated "...it was of the opinion that the demands and actions of the City and terms of the Interim Agreement were unlawful,

and contrary to federal and state law. However, Level 3 was compelled to accept the terms of the Interim Agreement as a condition of gaining access to the public rights-of-way within the City of Prichard to provide telecommunications services." (A copy of defendant's responses to plaintiff's first discovery request is attached hereto as "Exhibit B.")

Consequently, it is the stated position of the defendant that the actions of the plaintiff, including compelling the defendant to sign the Interim Agreement, which violated its rights and which have given rise to its claim under 42 U.S.C. §1983, occurred on and before the date of the Interim Agreement, which date is November 30, 1999,. The counterclaims were filed on May 9, 2003.

## LEGAL ARGUMENT

7. <u>Unlawful Tax Claim</u>. 28 U.S.C. §1341 provides that "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state."

8. Since the defendant seeks for this Court to enjoin plaintiff from imposing on or enforcing against defendant the obligations and requirements of the Interim Agreement to the extent that such obligations and requirements violate Alabama

4

Code §11-51-128, 28 U.S.C. §1341 prohibits this Court from doing so.

9.   While defendant also seeks monetary damages (restitution) from plaintiff with respect to alleged violations of Alabama Code §11-51-128, 28 U.S.C. §1341 is likewise applicable to such relief. See *Rosewell V. LaSalle National Bank*, 450 U.S. at 527, 101 S.Ct. 1221 (1981); *A Bonding v. Sunnuck*, C.A. 5 (Ala.) 1980, 629 F.2d 1127; *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237 C.A.11 (Ga.),1991. Thus, this Court has no jurisdiction over this claim.

10.   §1983 Claim. Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. *Uboh v. Reno,* 141 F.3d 1000, 1002 (11th Cir.1998).

11.   According to *Morrow v. Town of Littleville,* 576 So.2d 210 (Ala.1991) (citing *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), and *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)), and *Woods v. Reeves,* 628 So.2d 563 (Ala.1993), the only statute of limitations applicable to §1983 claims in Alabama is the two-year statute of limitations in Ala. Code 1975, § 6-2-38(1). Thus, the defendant's §1983 claim is barred by Alabama's two-year statute of limitation since the actions which defendant claims give rise to its §1983 counterclaim occurred more than two years prior to the May 9, 2003 counterclaim filing.

12. The foregoing unequivocally demonstrate that there are no genuine issues as to any material fact pertaining to Counts II and V of defendant's counterclaims and plaintiff is entitled to a judgment as a matter of law.

WHEREFORE, the premises considered, the plaintiff requests that the Court will set a date for a hearing and, after the hearing, will grant summary judgment dismissing Counts II and V of defendant's counterclaims.

Arthur J. Madden, III
MADDA0656
Attorney for Plaintiff
MADDEN & SOTO
465 Dauphin St.
Mobile, AL 36602

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of December 2003, served a true and correct copy of the foregoing document by hand delivery on:

W. Perry Hall, Esq.
Attorney for Defendant
41 W. I-65 Service Road N.
Suite 400
Mobile, Al 36608

Arthur J. Madden, III

6

**EXHIBIT A**

**EXHIBIT A**

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CIVIL ACTION NO. 03-0248-P-C

CITY OF PRICHARD  v.  LEVEL 3  COMMUNICATIONS , L.L.C.

**Telephone companies.**

(a) The maximum amount of privilege or license tax which the several municipalities within this state may annually assess and collect of persons operating telephone exchanges and long distance telephone lines in this state for the privilege of doing intrastate business within the limits of such municipalities, whether such persons are incorporated under the laws of this state or any other state, is fixed as follows:

(1) In municipalities having not exceeding 500 inhabitants, exchange license, $15.00, long distance license, $8.00;

(2) In municipalities having a population of more than 500 and not exceeding 1,000, exchange license, $30.00, long distance license, $8.00;

(3) In municipalities having a population of more than 1,000 and not exceeding 2,000, exchange license, $60.00, long distance license, $15.00;

(4) In municipalities having a population of more than 2,000 and not exceeding 3,000, exchange license, $105.00, long distance license, $27.00;

(5) In municipalities having a population of more than 3,000 and not exceeding 4,000, exchange license, $150.00, long distance license, $38.00;

(6) In municipalities having a population of more than 4,000 and not exceeding 5,000, exchange license, $210.00, long distance license, $53.00;

(7) In municipalities having a population of more than 5,000 and not exceeding 6,000, exchange license, $270.00, long distance license, $68.00;

(8) In municipalities having a population of more than 6,000 and not exceeding 7,000, exchange license, $330.00, long distance license, $83.00;

(9) In municipalities having a population of more than 7,000 and not exceeding 8,000, exchange license, $390.00, long distance license, $98.00;

(10) In municipalities having a population of more than 8,000 and not exceeding 9,000, exchange license, $450.00, long distance license, $113.00;

(11) In municipalities having a population of more than 9,000 and not exceeding 10,000, exchange license, $510.00, long distance license, $128.00;

(12) In municipalities having a population of more than 10,000 and not exceeding 11,000, exchange license, $570.00, long distance license, $143.00;

(13) In municipalities having a population of more than 11,000 and not exceeding 12,000, exchange license, $630.00, long distance license, $158.00;

(14) In municipalities having a population of more than 12,000 and not exceeding 13,000, exchange license, $690.00, long distance license, $173.00;

(15) In municipalities having a population of more than 13,000 and not exceeding 14,000, exchange license,

$750.00, long distance license, $188.00;

(16) In municipalities having a population of more than 14,000 and not exceeding 15,000, exchange license, $800.00, long distance license, $203.00;

(17) In municipalities having a population of more than 15,000 and not exceeding 16,000, exchange license, $870.00, long distance license, $210.00;

(18) In municipalities having a population of more than 16,000 and not exceeding 17,000, exchange license, $920.00, long distance license, $233.00;

(19) In municipalities having a population of more than 17,000 and not exceeding 18,000, exchange license, $990.00, long distance license, $248.00;

(20) In municipalities having a population of more than 18,000 and not exceeding 19,000, exchange license, $1,050.00, long distance license, $263.00;

(21) In municipalities having a population of more than 19,000 and not exceeding 20,000, exchange license, $1,110.00, long distance license, $278.00;

(22) In municipalities having a population of more than 20,000 and less than 175,000, exchange license, $1,110.00 for the first 20,000 inhabitants and $60.00 for each additional 1,000 inhabitants or majority fraction thereof, up to 175,000 population; long distance license, $278.00 for the first 20,000, and $15.00 for each additional 1,000, or majority fraction thereof, up to 175,000 population; and

(23) In municipalities having a population of more than 175,000, exchange license, $12,000, long distance license, $3,000.00.

(b) In arriving at the assessment of privilege or license tax which may be assessed and collected under subsection (a) of this section, the population of the several cities and towns shall be computed and based on the federal census next preceding the year for which such license tax is assessed from year to year; provided, that if a municipality should be incorporated subsequent to any federal census the population shown in the charter of incorporation shall determine the amount of license due until the next federal census shall find and declare such population.

*(Code 1923, &amp;sect;2161; Acts 1935, No. 194, p. 256; Code 1940, T. 37, &amp;sect;744; Acts 1947, No. 355, p. 238, &amp;sect;2.)*

# EXHIBIT B

# EXHIBIT B

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CIVIL ACTION NO. 03-0248-P-C

CITY OF PRICHARD  v. LEVEL 3 COMMUNICATIONS , L.L.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

THE CITY OF PRICHARD, ALABAMA,     *
a Municipal Corporation,     *
     *
     Plaintiff,     *
     *
v.     *     CIVIL ACTION NO.  03-248-P-C
     *
LEVEL 3 COMMUNICATIONS, L.L.C.,     *
A Delaware Limited Liability Company,     *
     *
     Defendant.     *

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST DISCOVERY REQUEST

COMES NOW the Defendant, Level 3 Communications, LLC ("Level 3"), and in response to Plaintiff, City of Prichard's (the "City"), First Discovery Request, in the form of interrogatories and requests for the production of documents (collectively "Discovery Requests") and submits the following objections.

## GENERAL OBJECTIONS

1.     Level 3 objects to all Discovery Requests to the extent that they seek documents and/or information that are subject to the attorney-client privilege and/or the attorney work product privilege.

2.     Level 3 objects to all Discovery Requests to the extent that they incorporate in the same request interrogatories and requests for the production of documents, in contradiction to the methods and procedures generally established under the Federal Rules of Civil Procedure.

169414_1.DOC

3.      Level 3 objects to all Discovery Requests calling for documentation compiled, created, or recorded prior to or subsequent to the time period relevant to the allegations in the Complaint.  Without waiving this objection, Level 3 will produce those documents responsive to the requests limited to the time periods specified in the individual responses or individual documents.

4.      Level 3 objects to Discovery Requests to the extent that such requests are overbroad, vague, ambiguous, irrelevant, duplicative, and/or unduly burdensome.

5.      Level 3 objects to Discovery Requests to the extent that such requests seek documents and information that are irrelevant to the claims or defenses of the parties in this case.

6.      Level 3 objects to Discovery Requests to the extent that they: (a) contain requests that exceed the scope and requirements of the applicable federal and local rules; and (b) purport to require discovery not provided for by these rules, including, but not limited to discovery on subjects not at issue in this case.

7.      Level 3 objects to Discovery Requests to the extent that they seek information that would result in the disclosure of confidential commercial information, trade secrets, or other proprietary information, except pursuant to the terms of a protective order or confidentiality agreement.

8.      Level 3 objects to Discovery Requests to the extent that they: (a) seek documents that are within the possession, custody or control of the City, (b) seek information that is unreasonably cumulative or duplicative, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive; and/or (c) compliance would be unduly burdensome, expensive, annoying, or oppressive.

9.      In responding to Discovery Requests, Level 3 does not waive any of the foregoing objections, nor the specific objections set forth in the responses to the particular interrogatories.  By making the responses, Level 3 does not concede that the information requested is relevant to the claims or defenses of the parties in this case. Level 3 expressly reserves the right to object to further discovery into the subject matter of these document requests and interrogatories, to the introduction into evidence of any response of portion thereof, and to supplement its response should further investigation disclose responsive information.

10.     Level 3 incorporates by reference the foregoing general objections into each of the responses below.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

1.    Produce for inspection and copying all correspondence (whether sent or received) between Level 3 Communications personnel (including its agents, for example, Gilbert Network Services or The Francis Law Firm) and the City of Prichard (including City Attorney Greg Harris and any City employees) regarding or dealing in any way with the Interim Right of Way Use Agreement and/or Resolution 800-99 which is the subject of this litigation.  This request includes all email messages, documents, and communication in any form between the parties (or agents or attorneys for the parties) including fax cover sheets, maps, ordinances or contracts.

RESPONSE:  Level 3 objects to this request to the extent that it seeks documents

and information that are subject to the attorney-client privilege and/or the attorney work

product privilege.  Level 3 further objects to this request to the extent that it seeks

information already produced by Level 3 in its initial disclosure, and information that the

City already possesses.  Subject to, and without waiving, its objections Level 3 will

produce any non-privileged responsive documents not previously produced.

2.    Produce for inspection and copying each and every document possessed by Level 3 Communications, or its agents or attorneys regarding the negotiation for, execution of, and performance under the Interim Right of Way Use Agreement entered into between the parties on or about December 30, 1999.  This request specifically includes, but is not limited to, all notes, drafts, telephone message memoranda, financial analysis, and any other document related to the decision by Level 3 Communications to agree to the user fee set out in paragraph 4.2 of the Interim Right of Way Use Agreement; and the decision to make the annual payments to the City of Prichard in the years 2001 and 2002.

RESPONSE:  Level 3 objects to this request as it is overbroad, vague,

ambiguous, and unduly burdensome.  Level 3 also objects to this request because it seeks

documents and information that are subject to the attorney-client privilege and/or the

attorney work product privilege.  Level 3 further objects to the City's characterization of

Level 3's action "as the decision to make annual payments to the City" in that Level 3

was compelled to make such payments in order to access the public rights-of-way within
the City. Subject to, and without waiving, its objections Level 3 will produce any non-
privileged responsive documents not previously produced.

3.    In its letter of January 17, 2003, over the signature of Greg L. Rogers, Level 3
Communications maintained that "the City has not fulfilled its obligations under either
Resolution 800-99 or the terms of the Interim Use Agreement to undertake an effort to
determine its actual costs of managing its ROW and establish an ordinance consistent with
state and federal law." With respect to the foregoing, state specifically the date of the first
communication by Level 3, or its agents or attorneys, to personnel for the City of Prichard
objecting to, or any way giving notice to the City, that "the City has not fulfilled its obligations
under either Resolution 800-99 or the terms of the Interim Use Agreement to undertake an
effort to determine its actual costs of managing its ROW and establish an ordinance consistent
with state and federal law." Produce for inspection and copying each and every document
which you contend evidences Level 3's objection or notice to the City of Prichard as set out
above.

        RESPONSE:  Level 3 objects to this request to the extent that it seeks documents

or information that is already in possession of the City. Level 3 further objects to this

request because it seeks documents or information that are irrelevant to the claims or

defenses of the parties. Subject to, and without waiving, its objections Level 3 states that

to the best of its knowledge the first communication by Level 3 to the City concerning the

City's failure to fulfill its obligations under Resolution No. 800-99 and the Interim

Agreement occurred sometime between December 23, 2002 and January 17, 2003.

4.    State specifically the prejudice you contend Level 3 suffered, if any, as a result
of the City's alleged failure to fulfill its obligations under resolution 800-99.

        RESPONSE:  Level 3 objects to this request as it is vague and ambiguous. Level

3 also objects to this request because it seeks information that is irrelevant to the claims

or defenses of the parties.

Subject to, and without waiving, its objections Level 3 responds that as a result of the City's failure to require BellSouth Communications, Inc., to enter into a right-of-way use agreement, franchise agreement, or similar agreement, which includes a requirement to pay compensation as a condition of constructing, owning, operating, and maintaining facilities in the public rights-of-way for the purpose of providing telecommunications services, the City is imposing requirements on Level 3 that are not imposed on BellSouth, in a manner that is discriminatory and not competitively neutral, and which has the effect of prohibiting Level 3 from providing telecommunications services. Furthermore, Level 3 was prohibited from providing telecommunications services by the City's exercise of unfettered discretion and its imposition of the requirement that Level 3 agree to the terms and conditions of the Interim Agreement and that Level 3 agree to pay the City compensation (in the form of a $2.50 per foot annual fee and additional in-kind compensation) that was not related to the City's cost of managing the rights of way, as a condition of granting Level 3 access to the public rights-of-way. In addition, as a result of the City's failure to comply with the requirements of Resolution No. 800-99, including but not limited to undertaking the development and adoption of uniform reasonable and lawful rights-of-way management regulations applicable to all users of the rights-of-way, and undertaking the development and adoption of fees not in excess of the City's actual costs of managing the public rights-of-way as calculated based on a study of the City's actual costs, Level 3 has been placed at a competitive disadvantage by being forced to accede to the unlawful conditions and fees of Resolution No. 800-99 and the Interim Agreement. Individually, and collectively, these actions had the effect of prohibiting Level 3 from providing telecommunications services in violation of federal law. In

addition, as a result of the City's requirement that Level 3 pay an annual fee plus in-kind

compensation that exceed the City's actual cost of managing Level 3's physical

occupation of the public rights-of-way, Level 3 has been prejudiced and harmed by being

forced to pay fees in excess of those permitted by State law.

5(a).    With respect to the above language from the agreement define what Level 3 contends is meant by the phrase "standardized franchise ... laws mandated by the state or federal law." Identify and produce for inspection and copying, each and every document which supports your definition of the phrase "standardized franchise ... laws mandated by state or federal law." Produce for inspection and copying each "standardized franchise" mandated by state or federal law which you contend preempts, modifies, alters, or supercedes the user fee term (or any other term) of the agreement of the parties entered into on November 30, 1999.

RESPONSE:  Level 3 objects to this request as it is vague and ambiguous.  Level

3 further objects to this request as it seeks production of documents and information that

are subject to the attorney-client privilege and/or the attorney work product privilege.

Level 3 further objects to this request because it calls for a legal conclusion, the request

presents an inaccurate representation of the language of the Interim Agreement, and the

language of the Interim Agreement speaks for itself.

Subject to, and without waiving, its objections Level 3 responds that it is its

understanding that "standardized franchise or right-of-way laws mandated by state or

federal law" would include, *inter alia*, 47 U.S.C. § 253; Alabama Code Sections 37-4-42,

23-1-85, 11-43-62, 11-51-128; and relevant caselaw including, but not limited to,

*Lightwave Technologies, LLC v. Escambia Co.*, 804 So.2d 176, 2001 Ala. LEXIS 85

(Ala. 2001); *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001); and *TCG New

York, Inc. v. City of White Plains*, 305 F.3d 67 (2nd Cir. 2002).  Such laws are generally

available to the City through private and public databases and code compilations.

5(b).    With respect to the above language from the agreement, define what Level 3 contends is meant by the phrase "right of way laws mandated by state or federal law." Produce for inspection and copying, each and every document which supports your definition of the phrase "right of way laws mandated by state or federal law." Produce for inspection and copying each and every "right of way" law mandated by state or federal law which you content preempts, modifies, alters, or supercedes the user fee term (or any other term) of the agreement of the parties entered into on or about December 30, 1999.

RESPONSE:   Level 3 objects to this request as it is vague and ambiguous.  Level 3 further objects to this request because it seeks production of documents and information that are subject to the attorney-client privilege and/or the attorney work product privilege. Level 3 further objects to this request because it calls for a legal conclusion; the request presents an inaccurate representation of the language of the Interim Agreement; and the language of the Interim Agreement speaks for itself.  Level 3 further objects to this request as duplicative of City Discovery Request No. 5(a) (above).

Subject to, and without waiving, its objections Level 3 responds that it is its understanding that "standardized franchise or right-of-way laws mandated by state or federal law" would include, *inter alia*, 47 U.S.C. § 253; and Alabama Code Sections 37-4-42, 23-1-85, 11-43-62, 11-51-128; and relevant caselaw including, but not limited to, *Lightwave Technologies, LLC v. Escambia Co.*, 804 So.2d 176, 2001 Ala. LEXIS 85 (Ala. 2001); *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001); and *TCG New York, Inc. v. City of White Plains*, 305 F.3d 67 (2nd Cir. 2002).  Such laws are generally available to the City through private and public databases and code compilations.

6.    Identify by name, employer and position the person who drafted the language found in Article Two of the interim right of way agreement which reads as follows: "Notwithstanding the foregoing,

provider does not waive any right to insist upon the City's compliance with any standardized franchise or right of way laws mandated by state or federal law." Produce for inspection and copying each document which relates to or concerns the drafting of the language quoted in the proceeding sentence.

RESPONSE:  Level 3 objects to this request on the grounds that it is vague and ambiguous, and that it seeks information that is subject to the attorney-client privilege and/or the attorney work product privilege.

Subject to and without waiving its objections, Level 3 responds that, to the best of its knowledge, the person that drafted the above quoted language found in Article Two was Mr. Gregory L. Harris, Jackson Harris, P.C., attorney for the City of Prichard.  All of the language in the Interim Agreement was drafted by Mr. Harris.  With respect to the quoted language Mr. Harris drafted the specific language in response to comments and concerns expressed by Level 3's representatives.

7.    Identify by name, employer and position the person who drafted the language found in Article Two of the interim right of way agreement which reads as follows: "... the provider expressly waives any right to challenge the fee structure contained in each such contemplated ordinance unless the ordinance subjects the provider to a fee structure in excess of that agreed to by the City and the provider herein." Produce for inspection and copying each document which relates to or concerns the drafting of the language quoted in the proceeding sentence.

RESPONSE:  Level 3 objects to this request on the ground that it is vague and ambiguous, and that it seeks information that is subject to the attorney-client privilege and/or the attorney work product privilege.  Level 3 further objects to this request in that it is an incomplete quotation and incorrect characterization of the cited provision.

Subject to and without waiving its objections, Level 3 states that to the best of its knowledge Mr. Gregory L. Harris drafted the quoted language.

8.    In its letter of January 17, 2003 Level 3 Communications contends the $27,540.00 payment was submitted as "its good faith estimate of what the City may legally be allowed to collect pursuant to state and federal law and the express terms of the Interim Use Agreement." State each and every fact which Level 3 contends supports its calculation (good faith estimate) of the amount paid to the City.

RESPONSE:  Level 3 objects to this request because it seeks documents and

information that are irrelevant to the claims or defenses of the parties.  Level 3's January

17, 2003 letter constituted an offer of settlement and compromise and as such is not

relevant or subject to discovery.


9    Identify specifically each and every "state and federal law" which you contend prevents the City from collecting the full amount of the use fee which Level 3 agreed to pay in the December 30, 1999 agreement.  Produce for inspection and copying each and every document to which you refer in answer to this interrogatory.

RESPONSE:  Level 3 objects to this request as it seeks production of documents

and information that are subject to the attorney-client privilege and/or the attorney work

product privilege; and also requests a legal conclusion.  Level 3 further objects to this

request because it seeks the same information requested in City Discovery Request No.

5(a) (above).

Subject to, and without waiving, its objections Level 3 responds that the following

state and federal laws prohibit the City from enforcing the fees set forth in the Interim

Agreement: 47 U.S.C. § 253; the caselaw interpreting and applying 47 U.S.C. § 253;

Alabama Code Section 11-51-128; *Lightwave Technologies, LLC v. Escambia Co.*, 804

So.2d 176, 2001 Ala. LEXIS 85 (Ala. 2001); and Alabama State contract law.  Such laws

are generally available to the City through private and public databases and code

compilations.  Level 3 reserves the right to supplement the list or assert any additional

authority relevant to its legal claims.

10.    List the jurisdictions and produce for inspection and copying each contract, franchise agreement, right of way use agreement or other undertaking between Level 3 Communications and any Alabama municipal, county, or state governmental unit (other than Prichard) or authority, whereby Level 3 has been granted the right to install and operate a fiber optic cable system on the public right of way.

RESPONSE:  Level 3 objects to this request as it is overbroad, vague, ambiguous and unduly burdensome.  Level 3 also objects to this request because it seeks documents and information that are irrelevant to the claims or defenses of the parties.

11.    With respect to the jurisdictions identified in paragraph 10 above, identify which, if any, contract, franchise agreement, right of way use agreement or other undertaking Level 3 contends is preempted, modified, altered, or superceded or rendered unlawful by state or federal law.

RESPONSE:  Level 3 objects to this request as it is overbroad, vague, ambiguous and unduly burdensome.  Level 3 also objects to this request because it seeks documents and information that are irrelevant to the claims or defenses of the parties.

12.    State whether Level 3 has complied with the requirements of Article 1.10 of the December 30, 1999 agreement, giving the date of delivery, the means of delivery and the information delivered.  Produce for inspection and copying all documents associated with the delivery of such information, including cover letters, memoranda, or transmittal documents.

RESPONSE:  Level 3 objects to this request as it is overbroad, vague, ambiguous, and unduly burdensome.  Level 3 also objects to this request because it seeks documents and information that are irrelevant to the claims or defenses of the parties.  In addition, Level 3 objects to the extent that the request seeks information and documents already in the City's possession.

Subject to, and without waiving, its objections Level 3 responds that Level 3 has

complied with the material requirements of Article 1.10 in that on March 23, 2001 Level

3 delivered to the City, via courier, forty-four "as-built" drawings and technical

specifications detailing the Level 3 network facilities in the City of Prichard's public

rights-of-way.  Copies of that transmittal document, along with copies of the forty-four

as-built drawings, are being produced.


13.   **State the dollar cost to Level 3 of complying with the requirement of Article 9.4 of the interim right of way agreement that Level 3 provide the City with 4 singlemode dark fibers, and provide the basis for your calculation.**

RESPONSE:  Level 3 objects to this request as it is vague, ambiguous, and

unduly burdensome.  Level 3 also objects to this request because it seeks documents and

information that are irrelevant to the claims or defenses of the parties.

Subject to, and without waiving, its objections, Level 3 responds that the cost of

complying with Article 9.4 is $158,064.  This figure is based on a calculation of the costs

that Level 3 charges for such facilities to its retail customers.  Level 3 charges

approximately $1300 per fiber mile for a 20 year IRU and then approximately $300 per

route mile for operation and maintenance.  Based on a total route distance of

approximately four miles (which incorporates the need to include fiber slack, bores, and

other arrangements that insure proper operation of the fiber), Level 3 charges a one-time

fee of $20,800 for each fiber and $1200 per year for operation and maintenance.  Thus,

the cost to install a new 12f cable for four miles is as follows:

```
$1.25 / lf (fiber installation) x 21,120 lf      = $26,400
$.55.lf (12f leaf loose tube) x 21,120 lf        = $11,616
$1500 (Crew day for testing)                     = $1500
Total -------------------------------------------- = $39,516
```

169414_1.DOC                    12

14.    State whether at any time since the execution of the interim right of way agreement which is the subject to this litigation Level 3 has made any request that the City of Prichard consent to assignment or transfer by Level 3 of any of its rights under the interim right of way use agreement. If the answer is in the affirmative, state the details of such request including the person making the request, the date of the request, the nature of the request and the person to whom the request was made. Produce for inspection and copying all documents concerning such request.

RESPONSE:  Level 3 objects to this request as it is vague, ambiguous, and

unduly burdensome. Level 3 also objects to this request because it seeks documents and

information that are irrelevant to the claims or defenses of the parties.

Subject to, and without waiving, its objections, Level 3 responds that it is not

aware of any request made by Level 3 to the City seeking consent to assign or transfer

any of Level 3's rights under the Interim Agreement.

15.    State whether Level 3 provides local exchange service to customers located in the City of Prichard, Alabama or its police jurisdiction. If the answer is in the affirmative, state the name and address of each such customer and the nature of the service provided.

RESPONSE:  Level 3 objects to this request as it is vague, ambiguous, and unduly

burdensome. Level 3 also objects to this request because it seeks information and

documents that are irrelevant to the claims or defenses of the parties. Level 3 further

objects to this request to the extent that it seeks information that would result in the

disclosure of confidential commercial information, trade secrets, or other proprietary

information. Subject to, and without waiving, its objections, Level 3 responds that it does

not provide local voice exchange telephone service to any end-user customer located in the

City.

16.     State whether it is the position of Level 3 that, prior to signing the interim right of way agreement with the City of Prichard (that is, from the time Level 3 first contacted the City until the agreement was signed on December 30, 1999), Level 3 was of the opinion "that the terms of the Interim Agreement were inconsistent with state and federal laws ..." (complaint paragraph 27). Produce for inspection and copying each and every document in the possession of Level 3, Gilbert Network Services, the Francis Law Firm (or any other agent of Level 3) discussing, evidencing or related to Level 3's position during the course of negotiations that some of the terms of the interim agreement (which were incorporated in the final document) were "inconsistent with state and federal laws ..."

RESPONSE:  Level 3 objects to this request as it is vague, ambiguous, and

unduly burdensome.  Level 3 also objects to the request on the grounds that it seeks

information that is not relevant to the claims or defenses of the parties.  Level 3 further

objects to this request because it seeks production of documents and information that are

subject to the attorney-client privilege and/or the attorney work product privilege, and it

calls for a legal conclusion.  Further, Level 3 objects to the extent that the request seeks

documents not within Level 3's possession or control.

Subject to, and without waiving, its objections Level 3 responds that it was of the

opinion that the demands and actions of the City and terms of the Interim Agreement

were unlawful, and contrary federal and state law.  However, Level 3 was compelled to

accept the terms of the Interim Agreement as a condition of gaining access to the public

rights-of-way within the City of Prichard to provide telecommunications services.

Subject to, and without waiving, its objections, Level 3 will produce any non-

privileged responsive documents not previously produced.


17.     Referring to paragraph 52 of the complaint, state each and every instance in which the terms of the interim right of way agreement with the City of Prichard have prohibited, or have had the effect of prohibiting, Level 3 from providing telecommunications services, detailing the specific service was prohibited. Produce for inspection and copying each and every document which you contend supports the allegations in paragraph 52 of the complaint.

RESPONSE:  Level 3 objects to this request as it is overbroad, vague, ambiguous, and unduly burdensome.  Level 3 also objects to this request because it seeks production of documents that are subject to the attorney-client privilege and/or the attorney work product privilege, and it calls for a legal conclusion.  Level 3 further objects to this request to the extent that it seeks information that would result in the disclosure of confidential commercial information, trade secrets, or other proprietary information.

Subject to, and without waiving, its objections Level 3 responds that the issue of whether the City's actions described in paragraph 52 of the complaint had the effect of prohibiting Level 3 from providing telecommunications service is a matter of law and therefore facts regarding Level 3's services are not relevant and not discoverable.  In addition, Level 3 states that by exercising its unfettered discretion to impose the onerous and burdensome terms of the Interim Agreement, including but not limited to paying the City $2.50 per foot annually plus in-kind compensation, on Level 3 as a condition of constructing, owning, operating, and maintaining facilities in the public rights-of-way for the purpose of providing telecommunications services, the City's actions had the effect of prohibiting Level 3 from providing telecommunications services in violation of federal law.  In addition, by not requiring BellSouth to enter into a similar agreement, and not requiring BellSouth to pay the City compensation as a condition of constructing, owning, operating, and maintaining facilities in the public rights-of-way for the purpose of providing telecommunications services, the City is and was imposing requirements on Level 3 that are discriminatory and not competitively neutral, which have the effect of

prohibiting Level 3 from providing telecommunications services in violation of federal law.

Subject to, and without waiving, its objections Level 3 will produce non-privileged responsive documents within its possession or control not already produced to the City concerning or supporting the above answer.

18.     **State the name and business address and position of each person answering or contributing to the answers to the above interrogatories and identify the interrogatory answered by each such person.**

RESPONSE: The answers to these interrogatories were prepared by William P. Hunt, III, Greg Rogers, K.C. Halm, T. Scott Thompson, Bebb Francis, Sean Gerson, and Raymond Bell, under the direction and review of counsel.

# DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents are true and correct to the best of my knowledge, information, and belief.

William P. Hunt, III

Dated: October 1, 2003

Respectfully submitted,

T. Scott Thompson
K. C. Halm
Attorneys for Level 3 Communications, L.L.C.

OF COUNSEL:

H. William Wasden (WASDW4267)
W. Perry Hall (HALLW9043)
BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616
Telephone:    251-344-5151
Facsimile:    251-344-9696

and

T. Scott Thompson, Esquire
K. C. Halm, Esquire
COLE, RAYWID & BRAVERMAN, L.L.P
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Telephone:    202-659-9750

and

Gregory L. Rogers, Esq.
LEVEL 3 COMMUNICATIONS, L.L.C.
1025 Eldorado Boulevard
Broomfield, Colorado 80021
Telephone:    720-888-2512

October 1, 2003