IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE CITY OF PRICHARD, ALABAMA, | ) | FILED JAN 12 '04 AM 10:54 USDCALS |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 03-248-P-C |
| | ) | |
| LEVEL 3 COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**DEFENDANT LEVEL 3'S RESPONSE TO PLAINTIFF CITY OF PRICHARD'S
DETERMINATIONS OF UNDISPUTED FACT**

Pursuant to Fed. R. Civ. P. 56, Local Rule 7.2(b), and the Court's December 10, 2003 Order, Defendant, Counterclaim Plaintiff Level 3 Communications, LLC ("Level 3") respectfully submits the following Response to the Plaintiff, Counterclaim Defendant City of Prichard's ("City") Determinations of Undisputed Fact and Conclusions of Law Pertaining to Plaintiff's Motion For Summary Judgment on Counts II and V of Defendant's Counterclaims. Level 3's response will track the paragraph numbers of the City's suggested Determinations of Undisputed Fact and Conclusions of Law. In addition, Level 3 submits herewith Additional Undisputed Facts in support of its Opposition to the City's Motion.

1. Level 3 admits the allegations of paragraph 1.

2. Level 3 admits the allegations of paragraph 2.

3. Level 3 admits the allegations of paragraph 3.

4. Level 3 admits the allegations of paragraph 4.

5. Level 3 admits the allegations of paragraph 5.

6. Level 3 admits the allegations of paragraph 6.

7. Level 3 admits the allegations of paragraph 7.

8. Level 3 denies that it alleged a violation of Alabama Code § 11-51-128 in paragraph 2 of its prayer for relief but otherwise admits the allegations of paragraph 8.

9. Level 3 admits the allegations of paragraph 9.

10. Level 3 admits the allegations of paragraph 10.

11. Level 3 admits the allegations of paragraph 11.

12. Level 3 admits the allegations of paragraph 12.

13. Level 3 admits the allegations of paragraph 13.

14. Level 3 denies the allegations in paragraph 14 on the grounds that they constitute legal argument and conclusions. The determination of when a Section 1983 action accrues is a question of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Moreover, the City's conduct giving rise to Level 3's claims under 42 U.S.C. § 1983 were continuing and ongoing up to and including the City's filing of the above captioned suit.

I. **LEVEL 3 SUBMITS THE FOLLOWING ADDITIONAL UNDISPUTED FACTS:**

15. On November 16, 1999, the City adopted Resolution No. 800-99. (Attached as Defendant's Responsive Exhibit 1).

16. In Resolution 800-99, the City expressly recognized the City's need to develop a permanent, comprehensive ordinance to address the use of the City's public rights-of-way by telecommunications providers. (Def. Resp. Exh. 1).

17. The Resolution also expressed the City's view that it is "essential that a plan and study of rights-of-way use, costs for such use, and valuation of occupancy be undertaken by the City to form the basis" for the permanent regulatory resolution that the City would adopt. *Id.*

18. Resolution 800-99 also establishes that a standard interim use agreement is to be used by the City with respect to all telecommunications carriers. (Def. Resp. Exh. 1).

19. Two weeks after the City enacted Resolution 800-99, Level 3 entered into an "Interim Rights-Of-Way Use Agreement" ("Interim Agreement") with the City pursuant to Resolution 800-99, as a condition of Level 3's gaining access to the public rights-of-way in the City. (Attached as Def. Resp. Exh. 2).

20. If Level 3 had not accepted the terms and conditions imposed by the City in the Interim Agreement, it would not have been permitted to construct its facilities in the City, and thus would not have been able to provide telecommunications services over its network. (Def. Resp. Exh. 1, pp. 3-4; Deposition of Jesse Norwood p. 47 line 9 – p. 48 line 6 (a copy of Mr. Norwood's deposition is attached hereto as Def. Resp. Exh. 9); Deposition of Ronnie Williams, Attorney to City Council, p. 29 lines 17-19 (a copy of Mr. Williams' deposition is attached hereto as Def. Resp. Exh. 10)).

21. The Interim Agreement requires Level 3 to pay to the City an Annual Fee of $2.50 per linear foot for a period of 15 years. (Def. Resp. Exh. 2, Art. 4.2).

22. The Interim Agreement also requires Level 3 to provide an in-kind payment to the City by bearing the entire costs of construction and maintenance of the conduit and associated appurtenances and facilities for four (4) "singlemode dark fibers" and associated appurtenances and facilities for the City's exclusive use. (Def. Resp. Exh. 2, Art. 9.4, 9.5).

23. Level 3 paid the City the annual fee payments pursuant to the Interim Agreement for the years 1999, 2000, 2001, and 2002 before seeking to contest and settle the annual fee starting in the beginning of 2003. (Deposition of Cynthia Norwood p. 35 ("C. Norwood Dep."))(a copy of Ms. Norwood's deposition is attached hereto as Def. Resp. Exh. 3).

24. The City does not contend that the annual fees in the Interim Agreement are related to its costs, and the City has never calculated its reasonable or actual cost of managing Level 3's use or occupation of the public rights-of-way. (City Response to Level 3 First Set Of Interrogatories, Interr. No. 11, as amended by October 24, 2003 Letter From A. Madden p.6 (A copy of the City's Response to Level 3's First Set of Interrogatories is attached as Def. Resp. Exh. 4; a copy of the Letter amending the City's Response is attached as Def. Resp. Exh. 5); C. Norwood Dep. pp. 22-24, 26-27; Deposition of Ellis Bea pp. 43-44 (a copy of Mr. Bea's deposition is attached hereto as Def. Resp. Exh. 6)).

25. Money received from Level 3 has been used to pay for matters wholly unrelated to Level 3's occupancy of the rights of way. For example, in Resolution No. 803-99, the City appropriated $21,000 annually from the money received from Level 3 for payment of garbage collection costs. (Attached hereto as Defendant's Responsive Exhibit 7).

4

26. In addition, over $150,000 received from Level 3 was used by the City to purchase two garbage trucks. (C. Norwood Dep. p. 44-45).

27. Like Level 3, BellSouth has constructed facilities in the public rights-of-way in the City. (Def. Resp. Exh. 4, Response to Interr. No. 8, p. 8; Def. Resp. Exh. 5, Response to Interr. 10 pp. 4-5).

28. BellSouth does not have an agreement with the City comparable to the one required of Level 3 or substantially similar to the standard agreement set forth in Resolution 800-99, or any other form of agreement or authorization from the City. (Def. Resp. Exh. 4, Response to Interr. No. 8, p. 8; Def. Resp. Exh. 5, Response to Interr. 10 pp. 4-5; C. Norwood Dep. p. 60). BellSouth was granted a franchise by the City in 1938, which required no annual payment by BellSouth. (City of Prichard Ordinance No. 369 (attached hereto as Def. Resp. Exh. 8)). BellSouth's franchise expired by its own terms in 1948, and has not been renewed. (*Id.*, Def. Resp. Exh. 4, Response to Interr. No. 8, p. 8; Def. Resp. Exh. 5, Response to Interr. 10 pp. 4-5).

29. The City currently does not require BellSouth to pay any fee for its use of the public rights-of-way. (Def. Resp. Exh. 8; Def. Resp. Exh. 4, Response to Interr. No. 8, p. 8; Def. Resp. Exh. 5, Response to Interr. 10 pp. 4-5; C. Norwood Dep. 63-64).

30. The City currently does not require BellSouth to provide the City with any in-kind services or facilities as a condition of access to the public rights-of-way. (Def. Resp. Exh. 8; Def. Resp. Exh. 4, Response to Interr. No. 8, p. 8; Def. Resp. Exh. 5, Response to Interr. 10 pp. 4-5; Bea Dep. p. 79).

Respectfully submitted,

*/s/ W. P. Hall*

H. William Wasden (WASDW4267)
W. Perry Hall (HALLW9043)
BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616
Telephone:    251-344-5151
Facsimile:    251-344-9696

*/s/ T. Scott Thompson*

T. Scott Thompson
K.C. Halm
Cole, Raywid & Braverman, LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
202-659-9750
202-452-0067 (fax)
Attorneys for Level 3 Communications, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of January, 2004, served a copy of the foregoing by hand delivery to the following counsel of record:

Arthur J. Madden, III, Esquire
MADDEN & SOTO
465 Dauphin Street
Mobile, Alabama 36602

_____
COUNSEL