IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE CITY OF PRICHARD, ALABAMA, | ) | FILED JAN 14 '04 PM 3:52 USDC ALS |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 03-248-P-C |
| | ) | |
| LEVEL 3 COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

### DEFENDANT LEVEL 3 COMMUNICATIONS, LLC'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendant/Counterclaim Plaintiff Level 3 Communications, LLC ("Level 3") respectfully moves this Court for an order granting it summary judgment on its Answer, Affirmative Defenses and Counterclaims. In support of its Motion, as more fully set forth and supported in Level 3's Memorandum Of Points And Authorities In Support Of Its Motion For Summary Judgment and its Statement Of Facts Not In Dispute, Level 3 states as follows:

1. Level 3 hereby incorporates by reference, as if fully set forth herein, its accompanying Memorandum Of Points And Authorities In Support Of Its Motion For Summary Judgment, its Statement Of Facts Not In Dispute, and its evidence submitted with its Statement of Facts.

2. Level 3 is entitled to judgment on its Second, Fifth, Sixth, and Seventh Affirmative Defenses and Count I of its Counterclaims, pursuant to Section 253 of the federal Communications Act, 47 U.S.C. § 253 (the "Act"), because there is no genuine issue of material

fact that the actions taken and requirements imposed on Level 3 by Plaintiff/Counterclaim Defendant City of Prichard ("City") as absolute preconditions of allowing Level 3 to construct its telecommunications network in the public rights-of-way prohibited or had the effect of prohibiting Level 3's ability to provide telecommunications services in violation of 47 U.S.C. § 253(a) ("Section 253(a)").

3. Specifically, the City violated Section 253(a), as a matter of law, by making Level 3's ability to construct its facilities and provide telecommunications services subject to the unfettered discretion of the City Council and Mayor. In addition, and in the alternative, the City violated Section 253(a) by subjecting Level 3 to extensive regulatory entry requirements, including but not limited to annual recurring fees exceeding $90,000, while permitting Level 3's primary competitor, the incumbent monopolist BellSouth, to maintain its facilities in the public rights-of-way without payment of any fees or subjection to an even remotely similar level of regulatory burden. Thus, the City materially inhibited or limited Level 3's ability to compete in a fair and balanced legal and regulatory environment. *TCG New York, Inc. v. City of White Plains*, 305 F.3d 67, 76 (2d Cir. 2002), *cert. denied*, 123 S.Ct. 1582 (2003).

4. In addition, and in the alternative, the actions taken and requirements imposed on Level 3 by the City during the application process and in the challenged Interim Rights-Of-Way Use Agreement and Resolution No. 800-99, individually or when taken as a whole, had the effect of prohibiting Level 3's ability to provide telecommunications services in violation of 47 U.S.C. § 253(a). *White Plains*, 305 F.3d at 76-77; *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001), *cert. denied*, 534 U.S. 1079 (2002).

5. The actions taken and requirements imposed by the City of Prichard are not directly related to the City's management of the public rights-of-way, are not fair and reasonable

compensation for use of the public rights-of-way, and are not competitively neutral and non discriminatory. In addition, the fees imposed by the City on Level 3 were not publicly disclosed. Accordingly, the City's actions and requirements do not comply with 47 U.S.C. § 253(c).

6. In the alternative, Level 3 is entitled to summary judgment on its Sixth and Seventh Affirmative Counterclaims and Count II of its Counterclaims on the grounds that there is no genuine issue of material fact that the annual monetary compensation requirement plus in-kind compensation requirement imposed on Level 3 by the City is not limited to the City's cost of managing Level 3's construction in the public rights-of-way; that the money received from Level 3 by the City has been used by the City for general purposes; and that the City's purpose in imposing the compensation requirements was general revenue purposes. Thus, as a matter of law, the compensation requirements imposed by the City on Level 3 are a tax that is beyond the City's authority to impose.

7. The City's authority to tax is limited to that authority specifically delegated by the State. Alabama Code § 11-51-128(a)(22) sets the maximum tax that the City may impose on providers of telecommunications services. The compensation requirements imposed by the City on Level 3 in the Interim Agreement significantly exceed the maximum amount of tax permitted under Ala. Code § 11-51-128(a)(22). In addition, and in the alternative, even if the City were otherwise authorized to impose the tax required by the Interim Agreement, the City is prohibited from enforcing it on Level 3 because the City does not impose the same tax on Level 3's competitor, BellSouth, and thus the tax is unlawfully discriminatory.

8. In addition, and in the alternative, Level 3 is entitled to summary judgment on its Third, Fourth, and Ninth Affirmative Defenses and Counts III and IV of its Counterclaims on the grounds that the City has breached the Interim Agreement and the covenant of good faith and fair

dealing. The City has failed to undertake a cost study to determine the actual costs of managing the public rights-of-way, develop a permanent regulatory resolution incorporating the results of such cost study and implementing the requirements of federal law, and establish and apply the terms of a permanent Telecommunications Resolution to all providers of telecommunications in the City, as required by Resolution No. 800-99, the terms of which were incorporated in the Interim Agreement. In addition, by so failing, the City has failed to perform actions that were a material condition of Level 3's good faith expectation in entering the Interim Agreement.

9. In addition, Level 3 is entitled to summary judgment on Count V of its Counterclaims on the grounds that there is no genuine issue of material fact that the City, and members of the City staff, acted under color of law when they engaged in the challenged actions that denied Level 3 the right to access the public rights-of-way and provide telecommunications services. The City's actions violated Level 3's right to access the public rights-of-way and provide telecommunications services under Section 253. Finally, the actions and edicts of the City's legal staff had the force and effect of official policy, as the City Council would not permit Level 3 to proceed without its approval. The City's actions and requirements caused Level 3 damage. Accordingly, the City has violated Level 3's federal rights under color of law, causing Level 3 damage, and the City is liable for such damages and attorneys fees under 42 U.S.C. § 1983.

**WHEREFORE**, based on the foregoing Level 3 respectfully moves this Court grant it summary judgment on all Counts of Counterclaims and on its Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses, and issue an Order granting it all relief sought in its Answer, Affirmative Defenses, and Counterclaims.

Respectfully submitted,

*/s/ W. P. Hall*

H. William Wasden (WASDW4267)
W. Perry Hall (HALLW9043)
BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616
Telephone:   251-344-5151
Facsimile:    251-344-9696

*/s/ T. Scott Thompson*

T. Scott Thompson
K.C. Halm
Cole, Raywid & Braverman, LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
202-659-9750
202-452-0067 (fax)

**Attorneys for Level 3 Communications, LLC**

January 14, 2004

175574_1.DOC

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of January, 2004, served a copy of Level 3 Communications, LLC's Motion for Summary Judgment and Notice of Filing Materials in Support of its Motion for Summary Judgment by Hand Delivery to the following counsel of record:

Arthur J. Madden, III, Esquire
MADDEN & SOTO
465 Dauphin Street
Mobile, Alabama 36602

_____
COUNSEL